# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT, | 1:09-cv-00143-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| H.A. RIOS, JR., | |
| Respondent. | |

  Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

  Petitioner filed the instant petition for writ of habeas corpus on January 23, 2009. (Court Doc. 1.) Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, for a conviction imposed in the United States District Court for the Eastern District of Pennsylvania. (Petition, at 3.) He was sentenced to 235 months and 3 years of supervised restitution, and $567,605.00 in restitution. (Id.)

  In the instant action, Petitioner contends that he is presently being held upon an unconstitutional and void judgment because the sentencing court miscalculated the loss amount owed to one of the victims. (Petition, at 4-5.) Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, in the United States District Court for the Eastern District of Pennsylvania, which was denied on November 1, 2002. (Petition, at 6.) Petitioner asserts that section 2255 is ineffective because his claim deals with a clerical error committed in

1  the restitution amount on an order dated August 30, 2006.  (Id.)

2      A federal prisoner who wishes to challenge the validity or constitutionality of his
3  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
4  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v.
5  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
6  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing
7  court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal
8  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
9  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
10 also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

11     In contrast, a federal prisoner challenging the manner, location, or conditions of that
12 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
13 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,
14 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
15 States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79
16 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
17 United States, 610 F.2d 672, 677 (9th Cir. 1990).

18     A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
19 he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
20 validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
21 States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has
22 recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
23 (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
24 motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054,
25 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions
26 does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
27 court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.
28 Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner has failed to demonstrate that the remedy under § 2255 is inadequate or ineffective, and it appears that he is attempting to utilize § 2241 as a substitute for § 2255. Petitioner has previously raised this very same challenge to the United States Court of Appeals for the Third Circuit, which held in relevant part as follows:

> On August 30, 2006, the District Court issued an order acknowledging a clerical error in the original judgment regarding the amount of restitution owed to Gold Valley. After consideration of the filings submitted by the parties, and with their agreement, the District Court corrected the judgment to state that the restitution due to Gold Valley is $129,000 and not $485,605. [Petitioner] appealed from that order, and we dismissed the appeal because [Petitioner] was not aggrieved by the order. See United States v. Knight, No. 06-4115 (3d Cir. Jun. 26, 2007) (order dismissing appeal). Although the argument presented in the mandamus petition is difficult to follow, it appears that [Petitioner] is claiming that he is entitled to a shorter sentence under the Sentencing Guidelines because the District Court's original judgment misstated the amount of restitution owed to Gold Valley. Because the District Court's recent acknowledgment that he owes less than $250,000 in restitution to Gold Valley, [Petitioner] believes that his total offense level should be reduced by one point. He also indicates in the petition that he is challenging the jurisdiction of the District Court to issue its August 30, 2006 order correcting the judgment of sentence.
>
> . . . [Petitioner] has not satisfied the standard for obtaining mandamus relief. First, he has not demonstrated that he has a clear and indisputable right to a writ of mandamus ordering a reduced sentence. As we recently acknowledged in our order denying his request for authorization to file a second or successive motion to vacate his sentence, In re Knight, C.A. No. 07-3509 (3d Cir. Oct. 15, 2007), the District Court's stated intention in correcting the judgment was limited to the restitution issue. There is no indication from the corrected judgment that the District Court intended to reduce the amount of loss for sentencing purposes. Even if [Petitioner] could demonstrate a clear and indisputable right to the desired relief, his petition must be denied because it appears that he is using mandamus as a substitute for appellate review of the District Court's sentencing rulings.

In re Knight, 278 Fed.Appx. 169 *170-171 (3d Cir. 2008)

Thus, it is clear that Petitioner is raising a challenge to his sentence which must be presented to the sentencing court. The fact that his claim has previously been rejected by the

3

sentencing court does not render such avenue inadequate or ineffective. <u>Aronson v. May</u>, 85 S.Ct. at 5. Therefore, the instant petition for writ of habeas corpus must be dismissed.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 4, 2009**          /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

4