# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT, | 1:09-cv-00143-AWI-DLB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| v. | |
| H.A. RIOS, JR., | [Doc. 5] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 4, 2009, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DISMISSED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On March 2, 2009, Petitioner filed timely objections, along with a supplement, to the Findings and Recommendation. (Court Docs. 7-8.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. As explained by the Magistrate Judge, 28 U.S.C. §

2255 provides that a federal prisoner attacking his sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In general, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A federal court cannot consider a petition for habeas relief pursuant to Section 2241 unless it appears that the petitioner's remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, --- U.S. ----, 127 S.Ct. 1896 (2007). A federal prisoner cannot avoid restrictions on the availability of a Section 2255 motion through a petition under Section 2241. Stephens, 464 F.3d at 897; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). A federal prisoner may avail himself of Section 2255's escape hatch only when he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens, 464 F.3d at 898; Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir.2003).

Here, Petitioner has failed to demonstrate that his remedy under Section 2255 is "inadequate or ineffective." Petitioner refers to himself as being innocent of the exact sentence he received because his sentence was not lowered when the restitution amount was corrected. However, Petitioner does not claim that he did not engage in the conduct upon which his conviction rests; Nor does he make any showing whatsoever of factual innocence. See Nousley v. United States, 523 U.S. 614, 623 (1998) (actual innocence refers to factual innocence and not mere legal insufficiency). Thus, the court finds Section 2255's escape hatch is not available.[1]

---

[1] The court notes that the Middle District of Pennsylvania has already denied Petitioner's request for relief pursuant to Section 2241 on this same issue. The court found as follows:
> In this case, Knight has failed to present any allegations suggesting that he was not involved in the alleged underlying criminal activity. Knight's sentencing related claim, namely, that the amount of restitution was improperly calculated, has nothing to do with the actual question of Petitioner's guilt. Finally, because his present claim was previously asserted in an application for leave to file a second or successive § 2255 petition, does not warrant a determination that Knight's § 2255 remedy is inadequate or unavailable.

Knight v. U.S., 2005 WL 2216830, *3, No. 3:CV-05-1803(M.D.Pa. 2005). In addition, The Third Circuit has denied Petitioner relief through mandamus, finding that there is no indication from the corrected judgment that the District Court intended to reduce the amount of loss for sentencing purposes. In re Knight, 278 Fed.Appx. 169, 171, 2008 WL 2175304, *1, No. 08-1821 (3rd Cir. 2008).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued February 4, 2009, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DISMISSED;
3. The Clerk of the Court is DIRECTED to close this action. This terminates this action in its entirety; and,
4. All pending motions are DENIED as moot.

IT IS SO ORDERED.

**Dated:   April 16, 2009**                             /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE